The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Good morning. Please be seated. Welcome to the Fourth Circuit. We'll hear argument in our first case. The judges are here, but the lawyers are on television, so that'll be Salgado versus Garland. Mr. Valera. Good morning, Your Honor. You can proceed whenever you're ready. Yes, Your Honor. Thank you. We may please the Court. It is my distinct honor, Your Honor, and privilege to appear before you today to present my oral arguments in this case once again. And I want to express my deep appreciation for the opportunity and thank you for your time and attention. Your Honor, let me start first with the issue of jurisdiction and the timeliness of the petition for review. Respondent raises at the outset the issue of jurisdiction by questioning the timeliness of the filing of the petition. The respondent argues the 30-day prescriptive period should be reckoned from the December 21, 2020, decision of the BIA affirming the decision of the IJ, but reminding the case back for consideration of voluntary departure to the immigration judge. And that, consequently, the petition for review filed on August 10, 2021, was filed out of time. Petitioner, on the other hand, insists it should be reckoned from the July 12, 2021, decision on remand granting voluntary departure and, consequently, said August 10, 2021, therefore, petition was timely filed. Now, clearly, the HUSC-1252-B1 and INA-242-B1, the petition for review, must be filed not later than 30 days after the date of the final order of removal. The issue then, Your Honor, turns on whether the December 21, 2020, decision of the BIA's final order of removal applicable to the Court of Appeals. Now, the respondent cites here four circuit cases in support of his claim that the December 21, 2020, is the final order of removal, notwithstanding the order of remand for consideration of voluntary departure. Namely, the Kenyuli v. Holder, decided in 2011, Perez-Vargas v. Gonzalez, decided in 2007 by this honorable court, Saldaliaga v. Gonzalez, cited by this state honorable court in 2005. But I cannot help, Your Honor, but note that the irony that in these cases, where the petitioner appealed within 30 days of the BIA decision, the government argued that the court has no jurisdiction because there was an order of remand. Counsel, could I stop you there and talk about the cases, at least one of them? And I appreciate your argument about arguably inconsistent positions, but given our decision in the Lee case that said we did have jurisdiction when there was a petition for review of an order of removal, where I know the facts are different based on what had occurred there. How does Lee not determine this case? By saying that we have jurisdiction when there's a voluntary removal issue pending, if we have jurisdiction under Lee, how does that not make your filing untimely? If you look at the decision in Kenyuli, Your Honor, it relies upon the footnotes in Perez-Vargas and Saldaliaga, where the jurisdictional issue raised by the voluntary departure remand were not fully discussed. Now, in that Saldaliaga case, the government argued that there was no final order of removal under 8 U.S.C., where the BIA ordered removal, but remanded the IJ to allow the petitioner an opportunity to apply for voluntary departure. Under the Lee decision, in that case, the petitioner had filed a timely petition. They filed within the 30 days. And that did not happen in this case. So, the court there, and in a related decision that's not exactly on point, but analogous, Mahmoud, it seems like to me that the 30 days is fixed by statute, and your client didn't comply with the statute. And so, I don't see quite how we have jurisdiction. Now, on the issue, Your Honor, if you look at the decision of the Supreme Court on 40 versus INS, which said that the issue on the context of the denial of a discretionary relief, it can hardly be contended that the meaning of the phrase final order of deportation is so clear and ambiguous and susceptible only of narrow interpretation. Now, what is clear here, Your Honor, is that the voluntary departure as an ancillary discretionary relief is included in the final orders of deportation as construed in the aforecited case of 40 versus INS. Now, for which this is the Supreme Court case, and it should be prevailing over the cited case of Perez versus Saldarriaga. Now, the main question, Your Honor, here is, what really is the final order? So, it would seem that under the provisions of HCFR 1242.26, except that an alien granted the privilege of voluntary departure under HCFR will not be deemed to have departed under an order of removal if the alien departs the United States no later than 30 days following the filing of the petition for review. Now, this provision, Your Honor, recognizes. But if we had jurisdiction in Lee where there was a timely filing, why do we have jurisdiction here when it was untimely? And the statute seems to be mandatory that it has to be filed within the 30 days. That's the reason why, Your Honor, that this decision, in fact, in the case of Lee, it even recognized the data and the new voluntary departure regulation, which modify the landscape governing voluntary departure. In fact, Your Honor, the Lee case is an authority event that can be cited where a remand of voluntary departure to the immigration court, the Court of Appeals will potentially decline jurisdiction without prejudice to later ability to file review of the issues raised in the base order should that be her choice after receiving the new voluntary departure order, Your Honor. Counsel, I think that's right. I mean, if there was a filing here within 30 days of the December BIA decision, we would, you know, and voluntary departure was an issue that does present potentially a practical dilemma for a petitioner. And I think courts have looked at that in different ways. The Lee court, as you mentioned, you know, from a providential standpoint or prudential standpoint, decided not to exercise jurisdiction and other courts have stayed cases. So there's mechanisms, if you will, to deal with that. But kind of back to the question, you know, I'm just if Lee remains good law here that we had jurisdiction in that case. Yeah, I'm trying hard to see how that doesn't effectively determine our jurisdiction case here, even though I get, you know, the factual scenario is different. Well, the reason for that, Your Honor, when in Lee, when they cited the case of Perez Vargas and Saldarriaga, they were decided before the promulgation in January 20, 2009, effective date of HCFR 1240.26 on voluntary departure. And according to one of the new provisions under HCFR 1240.26, which I quoted earlier, that this is a recognition, particularly the issue that except that an alien granted the privilege of voluntary departure under HCFR 1240.26C will not be deemed to have departed under an order of removal if the alien departs the United States no later than 30 days, which means that an explicit recognition that the respondent's right and he's given an opportunity to file the petition for review, even after a grant of voluntary departure, which further shows, Your Honor, that the IJ's order on remand granting or denying a voluntary departure is the final decision, not the BIA decision. Now, notably, Your Honor, in the King-Newley case, for example, the government itself urged this court to reconsider its holdings in Saldarriaga and Perez Vargas in the light of the intervening legal developments, specifically the Supreme Court's decision in Dada v. Mokasi and the promulgation of HCFR 1240.26. So here, Your Honor, in the King-Newley case, it says that we recognize, as did the Hakim and Giraldo courts, that Dada and the new voluntary departure regulation modified the landscape governing voluntary departure, which means, Your Honor, that given the foregoing, that the Perez Vargas and Saldarriaga should be revisited, especially in the light of the Supreme Court's pronouncement in 1440, which means that bifurcation of judicial review of deportation proceedings is not only inconvenient, but it is clearly undesirable and not the necessary resort from fair interpretation of the pertinent statutory language. So that is a Supreme Court decision. So, Your Honor, clearly here, the main issue here is when the BIA remanded the case to the immigration judge for voluntary departure, there is not yet any final order of removal. And what triggered that appeal to the Court of Appeals? After they grant the voluntary departure, then all the issues being raised here, Your Honor, can now be decided jurisdictionally by this honorable court. Counsel, can I just ask you, I guess it's sort of a practical question. I mean, you seem to effectively be arguing that Lee was wrong and that this is not really a final order of removal because it's going back on voluntary departure. But a final order, an order of removal, if I'm remembering right, can either be an order of the IJ that orders removal or an order of the IJ that deems the petitioner removable. This is someone who is removable. And I don't see how the order doesn't do that, even if it's going back on voluntary departure. Well, the reason for that, Your Honor, by its nature, voluntary departure as a form of discretionary release that avoids certain statutory penalties and allows certain favored aliens, like the petitioner here, even before the conclusion of removal proceedings or after being found deportable to leave the country willingly, among others. So, in other words, voluntary departure under H.U.S.C. 1229C, parens A, Paragraph 1, is a statutory provided relief, which the Attorney General may permit an alien to depart at the expense in lieu of being subject to what they call as a final order of removal. So, hence, the voluntary departure as an ancillary discretionary relief, as I've indicated, is included in that phrase of the final orders of deportation, as the same is construed in the case of, in the decided case of 40 versus INS. So, just so I understand your position, so you're saying that if a non-citizen gets relief in the form of voluntary departure, that means that is inconsistent with being removable and that person is no longer removable. In a sense, Your Honor, because a voluntary departure is one of the recognized discretionary relief by our law. But you're a removable person who has been offered this discretionary relief, but your position is that those are two sort of mutually exclusive things. Yes, Your Honor. In fact, Your Honor, if I may, if a person... At that point, the alien is no longer under an order of removal? Your Honor, if a person has been granted... I would say that they're free to stay in the United States at that point. At that point where there is a voluntary order of removal, Your Honor, that person is given that time to leave within that particular date of voluntary departure. However, voluntary departure period. However, the moment the case is elevated to this court for petition for review, then that voluntary departure is automatically terminated. Which means that with that automatic termination of the voluntary departure, which means that the petition for review, which this court has jurisdiction, needs to continue despite the automatic... What you call automatic departure pertaining to the final order of removal because of the conversion, automatic conversion, the moment you file a petition for review. All right. Counsel, do you have anything else for us at this time? You do have some rebuttal time. So, in other words, Your Honor, what is important here as well is, if ever this court exercise jurisdiction, again, we wanted this court to look at the relief of cancellation of removal consistent with the decision of Gonzales Garland versus Garland, Fourth Circuit decision of 2021, where it says that immigration judge determination whether an applicant has satisfied the statutory requirement of exceptional and extremely unusual hardship to establish eligibility for conservation of removal presents a mixed question of law, in fact, subject to judicial review. Now, in this case, Your Honor, it is clear at the outset that what the BIA did was it adopted and outright dismissed financial hardship out as a ground for exceptional and extremely unusual hardship. Which, based on the ruling of this court, that the board's decision may be overturned if there is an abuse discretion, and it's abuse discretion if it fails to offer a reason explanation for its decision. Although it's insufficient to demonstrate exceptional and extremely hardship, it was arbitrary because what is involved is not simply a diminution of economic benefits, but rather the total loss of the economic means of sustenance and support that goes to the very survival of the petitioner's six-year-old U.S. citizen daughter. And it goes against the matter of Resina's regarding the grant of conservation of removal on the inability of a single mother to provide support for her six children. Although in Resina's case, there are six children, you know, the main issue there is not the number of children, but really what matters is the capability to provide financial support. And likewise, Your Honor, your initial time has expired, but you do have some rebuttal time. So we'll hear from you on rebuttal. Mr. We'll be glad to hear from you now. Good morning. May it please the court. My name is Jesse Lorenz, and I represent the Attorney General of the United States. This court should dismiss or alternatively deny this petition for review. This court should dismiss this petition for review for lack of jurisdiction because it was on timely file as Mr. Rodriguez did not file it within 30 days of the board's December 21st, 2020 decision. The government believes that this case is controlled by this court's decision in Lee, where this court considered this circumstance and concluded that the board's order. Addressing all the other forms of relief, but remanding for voluntary departure is immediately appealable as a final order of removal. The circumstance here is similar. The case on December 21st was dispositive of this cancellation of removal application and of the order of removal remanded solely for voluntary departure. So for that reason, this case should be dismissed consistent with Lee. I think that decision is underlined by recent Supreme Court decisions in Nasrallah and Guzman-Chavez. In those decisions, the Supreme Court held that a decision on withholding of removal and a decision on cap protection do not constitute final orders of removal where removability had been previously established. I think the important thing to note here is that the fact of removal was established definitively on December 21st, 2020, and that's when the 30-day clock for filing a petition for review ran. The fact that it was remanded for voluntary departure under this court's decision in Lee does not impact the finality of this order. Counsel, Judge Qualbohm has a question. I'm sorry, we only see one judge on the panel, so I apologize for that. Okay, no worries. So, I think I understand your argument. In a situation like this, had Mr. Rodriguez appealed, in some ways it puts a petitioner in a dilemma in terms of the relief that is available under statute and that has been sought and might be available. What's your position about the conundrum one might be in in terms of appealing a removability decision when there is an opportunity for statutory relief such as voluntary departure? Sure. Well, Your Honor, I think it's important to note that under the statute, the order is appealable when a final order of removal on the removability issue is entered. And that was December 21st here under the statute, then he had 30 days. As for voluntary departure, I mean, I think what happened in Lee is consistent with the government's position that the non-citizen would have to file a protective petition for review, if you will, at that time to protect the 30-day period otherwise under the statute. And that's a filing deadline that's mandatory and jurisdictional under Supreme Court law. So, you'd have to file something at that point in time that he didn't. That's not really consistent with the statute. Now, whether this court would have prudentially dismissed at that time, that prudential decision cannot impact the finality of this order, which was final on December 21st, 2020. As to what, you know, I don't know. I can't. In order for us and Lee to have made the prudential decision to defer, we first had to have jurisdiction. Right. Right. And that's the jurisdiction attached at that point in time. And the prudential nature of this court's actions can't disrupt that statutory filing deadline, which, as the Supreme Court has held, is mandatory and jurisdictional. Like I said, I don't think the statute contemplates a mechanism for these situations where it's remanded for VD or voluntary departure. But I think it's clear that when order, when removability has been established, the fact of removability, that's when the PFR has to be filed. And here that was December 21st, 2020. The remand for voluntary departure does not impact removability. It maybe changes how he's removed, but that's a little bit different than the fact of removability, which was definitively established on December 21st, 2020. So what's the effect of that? I mean, as we did in Lee, we could decline to exercise our jurisdiction on a prudential basis. And a court could stase the case, presumably, I've seen that done. If it doesn't do that, does that effectively nullify the petitioner's ability to obtain voluntary departure? Well, I don't think so, Your Honor, because if voluntary departure is later granted, I think that non-citizen would be able to rescind his petition for review if he intended to go forward with voluntary departure. I thought in the hypothetical we're in, and I don't want to. So what if someone like this hypothetical person did appeal within 30 days and we heard the case and decided the case. I thought your position then was that's it. You don't get voluntary departure anymore because the statute puts you to a choice. You have to pick one or the other and we gave you the review. So you're out on voluntary departure. Well, I'd like to note that that's not what happened here. I know, but we're trying to figure out what is going to happen. Right. We adopt your position, then what happens? Sure. Well, I mean, I think as a practical matter, that's very unlikely to occur that the court would hear the entire thing. Secondly, I would know. Can I ask you why not? Because you suggest in your brief that in a case like that, this case is distinguishable from Lee. Because in this case, it's not clear that the petitioner is actually eligible for voluntary departure. So maybe we wouldn't exercise our prudential discretion in the same way in a case like this. Maybe we would go ahead and hear the case. Sure. Well, I don't really know if the statute or your case law provides an answer for that. What's the government's position? I mean, you suggest in the red brief that this case is different because it's not clear that this non-citizen is eligible for voluntary departure. So maybe this case is different from Lee and we wouldn't exercise our discretion to dismiss. What is the government's position? What should we do in a case like that? Well, in this case, I think that the court should dismiss because it wasn't filed. In a hypothetical case where someone just like this who is not obviously eligible for voluntary departure goes ahead and files an appeal within 30 days from the removability determination. Should we exercise our prudential discretion not to hear the case or should we hear the case? Well, I think that would be on the non-citizen. That would be his choice to determine whether he wishes to continue or to wait for a voluntary departure order. So we should hear the case? I'm sorry. I didn't catch that. I'm sorry. Does that mean we should hear the case because he made the choice and he filed his appeal? I don't. In that specific circumstance, I think that would be kind of on the non-citizen. That would be a choice that they'd have to make at that time if they wanted to ask this court to abate or to stay the petition for review while voluntary departure was pending. I mean, I agree. I think it would be a waste of resources to go forward with the ultimately decides to go forward with voluntary departure. But that's not the case here. I think that the fact that he didn't file a petition for review within 30 days of December 21, 2020 takes away all of that kind of decision-making because under the statute, he was required to file within that 30-day period of time. In the case that we're hypothetically talking about now, which is not your case, which I'll recognize that, if there was a timely filing of the order on removal, and unlike in Lee, there was not an assurance of voluntary departure, is it your view in that case that it would be up to the alien to determine whether to ask for a stay, which the court may or may not grant, and try to get the voluntary departure order entered? Well, I guess what I'm suggesting in that case, there's nothing affording this court jurisdiction after the voluntary departure issue is resolved. I don't think there's anything in the statute or this court's case law that would allow jurisdiction at that point in time. I mean, the statute is clear that it has to be 30 days within the time that removal is decided. Let's assume that the alien files on time, and he or she has asked for a stay, it stays granted, they get an order of voluntary departure, they leave, what do we do with the appeal of the order of removal? I mean, I think at that time, it would be moot because they've decided to depart. So we would just dismiss it in that circumstances moot? I don't see how you could continue to pursue that once you've voluntarily left the country. And I could be wrong here, but I believe that when you accept voluntary departure, you're giving up your other applications for relief. So I believe that would be the case, but I don't know if that's 100% correct, but that's my understanding of voluntary departure. And counsel, what if all the same facts, except this time, the petitioner doesn't get voluntary departure? It's deemed ineligible for voluntary departure, but he's got his appeal theoretically stayed with us, then what? Well, then I think, you know, then it would be on the non-citizen to decide if he wanted to continue that appeal. Obviously, if he's denied voluntary departure, that doesn't impact the other portion of his removal order. And if he wanted to stay it and instead we had done what we did in Lee, where we dismissed it without prejudice, then is it still the government's position that he could come back to us then? Maybe the BIA would have to issue a new order or something, but we could get it back before us then? Yeah, and I mean, I think that's the point of the prudential jurisdiction where you all dismissed without prejudice for him renewing it after voluntary departure was over. The government wouldn't oppose, you know, the continuation of that procedure. And I mean, you know, that's been in place since 2011. So, yeah, I think that that would be something that we would be fine with at that point in time. So, I acknowledge we've taken a detour here in the academic field, but I assume the bottom line of your case is petition was filed late, case is over. No jurisdiction. Yes, Your Honor, and that is consistent with the statute and that is consistent with more recent Supreme Court decisions in Nasrallah and Guzman Chavez. And also that is consistent with this court's decision in Lee. I know Lee is kind of backwards, flips the facts from this, but at the end of the day, this court determined that even where there's a remand for voluntary departure, the order remanding, which disposes of all the other issues, is immediately appealable. So it has to be filed within that 30-day period. Under other Supreme Court's decision, Stone v. INS, that filing deadline is mandatory and jurisdictional. It cannot be told. So it has to be filed within 30 days. In this case, it was not. This court therefore really has no other recourse except to dismiss the petition for review. All right. Anything else you want to tell us, Mr. Lorenz? No. As to the cancellation application, this court's decision in Galvez v. Gonzalez gives this court jurisdiction to review mixed questions of fact and law. Here, it's the government's position that Mr. Rodriguez just wants to challenge the weighing of the facts, something that this court still lacks jurisdiction to do. So for the cancellation issue, we'd also argue that this court should review that determination. Also, that determination, consider all of the hardship factors cumulatively. Financial hardship was considered in this case, along with emotional hardship. Those factors were thoroughly and thoughtfully considered. For this reason, this court, if it does exercise jurisdiction, although we don't think it should, should also deny, should alternatively deny the petition. And with that, I have nothing further, Your Honors, unless there's more questions. All right. Thank you very much, Mr. Lorenz. You have some time on rebuttal. Mr. Valera, you're on mute right now, so hit another button. Thank you, Your Honors. I think the main issue remains that the petition for review must be filed not later than 30 days after the date of the final order of removal. Now, in this instance, Your Honor, there is no final order of removal. What the BIA did was remanded the case to the immigration judge for the voluntary departure, in which case, when the immigration judge granted the voluntary departure, that triggered that alternate issue within which whether the respondent will take the voluntary departure or not. And therefore, it is timely filed with the Fourth Circuit Court of Appeals. Now, the context is, again, in the nature of what is voluntary departure. Voluntary departure is a discretionary relief. It is an ancillary discretionary relief included in the phrase of the final orders of deportation. Again, citing that case of FOTI, indicating that bifurcation, once again, of judicial review of deportation proceedings is not only inconvenient, but it is clearly undesirable and not the necessary result from a fair interpretation of a pertinent statutory language. Now, likewise, considering that since the grant of voluntary departure is terminated by the filing of a petition for review, the alien will be subject to the alternate order of removal, but the penalties for failure to depart voluntarily under this section shall not apply to an alien who files a petition for review and who remains in the U.S. while this petition for review is pending. In which case, again, the decision on Lee is the authority also for the rule that in these instances of remand of voluntary departure relief to the immigration court, the Court of Appeals will prudentially decline jurisdiction without prejudice to later ability to file review of the issues should that choice after receiving the new voluntary departure date. So, hence, this was timely filed for purposes of jurisdiction. All right. Thank you, Mr. Valero. We appreciate the arguments of both counsel. Since you're remote, we can't come down and greet you in person today, but I want you to know we appreciate your efforts here and look forward to your returning in person and joining us in the future. So, with that, we will move on to our next case.
judges: G. Steven Agee, Pamela A. Harris, A. Marvin Quattlebaum Jr.